■ GEORGE GOLD et al., Respondents, v CHARLOTTE FINN INCORPORATED et al., Appellants. [644 NYS2d 771] ■

In June 1991 the plaintiffs engaged the defendant Charlotte Finn Incorporated (hereinafter CFI), an interior design firm, to produce a plan for the redecoration of the plaintiffs' master bedroom and bath. The parties executed a written agreement which called for a nonrefundable "design retainer fee" of $5,000. The plaintiffs paid this amount, plus a $25,000 deposit for materials to be ordered by CFI. Before CFI ordered any such materials, the parties had a disagreement, and the project was eventually carried out by another designer.

In this action, the plaintiffs sought the return of their $30,000 on various grounds, including breach of contract, conversion, unjust enrichment, and fraud. After issue was joined, the plaintiffs moved for summary judgment on all of their causes of action except the one sounding in fraud. The defendants cross-moved for dismissal of the complaint insofar as it was asserted against the individual defendant.

By order entered June 2, 1995, the Supreme Court, Westchester County, dismissed the complaint as against the individual defendant but granted the plaintiffs' motion in part, finding that they were entitled to a refund of $30,000. We modify, concluding that CFI raised a triable issue of fact as to its right to retain the $5,000 retainer fee.

As the Supreme Court properly recognized, the parties' written agreement made clear that the $5,000 forwarded by the plaintiffs to CFI was to be a nonrefundable minimum fee. The plaintiffs' obligation to pay the fee was triggered when CFI prepared a design scheme and submitted the scheme to the plaintiffs for approval. It therefore follows that if CFI submitted a design scheme within the meaning of the agreement, it was entitled to retain the $5,000, whether or not the plaintiffs eventually decided to proceed.

CFI claims that it prepared not one but five design schemes and submitted them to the plaintiffs for approval. In opposition to the plaintiffs' motion for summary judgment, CFI

submitted lists of items, along with their prices, which CFI proposed to order for the plaintiffs. In its affidavit and its answers to the plaintiffs' interrogatories, CFI claimed that these lists constituted the "design schemes" referred to in the letter agreement. CFI therefore raised a triable issue of fact as to whether these lists constituted "design schemes" within the meaning of the written agreement, rendering summary judgment on the first cause of action inappropriate.

It is uncontroverted, however, that the $25,000 deposit the plaintiffs paid to CFI was to be applied against the cost of materials ordered by CFI on the plaintiffs' behalf. It is also uncontroverted that CFI never ordered any materials for the plaintiffs. Summary judgment on the third and fourth causes of action was therefore appropriate.

We have considered CFI's remaining contentions and find them to be without merit. Rosenblatt, J. P., Thompson, Pizzuto and Hart, JJ., concur.